UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAELIM INDUSTRIAL CO., LTD,<br><br>Plaintiff,<br><br>v.<br><br>ECC INTERNATIONAL LLC, et al.,<br><br>Defendants. | Case No. 17-cv-00775-MEJ<br><br>**ORDER STAYING CASE PENDING ARBITRATION**<br><br>Re: Dkt. No. 7 |

Plaintiff Daelim Industrial Co., Ltd. moves the Court for an order staying this action pending arbitration. *See* Mot., Dkt. No. 7. The contract governing the relationship at issue between Daelim and Defendant ECC International LLC ("ECCI") contains an arbitration clause. *See* Wallace Decl. ¶ 4, Dkt. 7-1. The parties are currently engaged in dispute resolution processes; if the matter is not resolved, the dispute may ultimately result in arbitration. *Id*. ECCI and Defendant Liberty Mutual Insurance Company ("Liberty") do not oppose the Motion to Stay the proceedings pending resolution of the arbitration. *See id*. ¶ 5 (counsel for Daelim spoke with counsel for ECCI and Liberty, each of whom advised him they did not oppose the motion).

Pursuant to the Federal Arbitration Act, this Court may stay this action pending arbitration. *See* 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had. . . ."). Based on the Wallace Declaration, it appears the issue is referable to arbitration pursuant to the terms of the parties' contract.

The fact Liberty is not a party to the arbitration agreement with Daelim does not divest the

Court of discretion to stay the action. *See United States for the Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985) (district court did not abuse discretion to stay case pending conclusion of arbitration, including third party claim that was not subject to arbitration: "It seems to us clear that there were ample reasons for avoiding a duplication of effort in trying simultaneously, or even successively, the issues presented in Newton's original claim and in Neumann's third party claim. Considerations of economy and efficiency fully support the District Court's determination that the third party claim and other matters must await the final determination made in connection with the arbitration.").

Based on the foregoing, the Court finds good cause exists to stay the action pending resolution of the arbitration proceedings. Daelim's Motion is **GRANTED**.[1]

**IT IS SO ORDERED.**

Dated: April 20, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] Because the Motion was inadvertently docketed as a notice (Dkt. No. 7), a hearing date was not calendared. The Court finds this matter is suitable for disposition without oral argument (Civ. L.R. 7-1(b)), and decides the Motion based on the papers submitted.